UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RADIAH JEAN FOREMAN                    CIVIL ACTION NO. 13-CV-780

VERSUS                                 JUDGE DOHERTY

OUR LADY OF LOURDES                    MAGISTRATE JUDGE HANNA
REGIONAL MEDICAL CENTER, INC.

## Report and Recommendations
### *(Doc. 6)*

Before the undersigned, on referral from the district judge for report and

recommendation is the defendant's Motion for Partial Dismissal pursuant to Rule

12(b)(6)[Rec. Doc. 6].  The motion is unopposed.  For the reasons set out below, it is the

recommendation of the undersigned that the motion be GRANTED, and that the state law

claims of Plaintiff be dismissed, leaving for trial Plaintiff's claims brought under

provisions of Title VII of the Civil Rights Act of 1964.

**Pertinent Facts and Procedural Background:**

Plaintiff Radiah Jean Foreman is an employee of Our Lady of Lourdes Regional

Medical Center, Inc.['Lourdes'] in Lafayette, Louisiana, and she has been so employed

since 2003. [Rec. Doc. 1] In September, 2011, she applied for a position as Clinical Case

Manager for Surgery at the hospital, and she was interviewed by an all-white supervisory

personnel selection panel on September 12, 2011.  She was not selected for the position,

which was awarded to a white male on or about September 26, 2011. [Rec. Doc. 1, p. 2]

The plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity

Commission on December 13, 2011, receiving a Right to Sue letter on January 15, 2013. [Rec. Doc. 1, p. 3]

In the Complaint filed April 15, 2013,  Foreman has alleged she was denied the promotion to the position of Clinical Case Manager for Surgery because of the racial bias of the selection panel which interviewed her, in violation of Title VII of the Civil Rights Act of 1964 and the Louisiana Employment Discrimination Law at La. R.S. 23:301 et seq.  Two days later, Foreman filed an Amending Complaint [Rec. Doc. 2], adding additional damage claims.

On June 7, 2013, Defendant filed the instant Motion for Partial Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Rec. Doc. 6] The motion calls for dismissal of all state law claims set out in the Complaint and Amending Complaint on three grounds: (1) the state law claims are prescribed; (2) as a nonprofit and religious entity, Defendant is exempt from application of Louisiana's Employment Discrimination Law; and (3) the plaintiff has failed to state a viable claim for Intentional Infliction of Emotional Distress under Louisiana law.

In response to the motion, Plaintiff's counsel sent correspondence to the undersigned on July 8, 2013, a copy of which is made a part of the record at Rec. Doc. 15.

### Applicable Law and Discussion

**The Applicable Rule 12(b) Standards:**

-2-

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161(5th Cir. 2001).  When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Conclusory allegations and unwarranted deductions are not accepted as true, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 U.S. at 570.  The plaintiff's obligation is "to provide the 'grounds' of his 'entitle[ment] to relief' [and] requires more than labels and conclusions." *Id* at 555, citing *Papasan*, 478 U.S. at 286.  The allegations must be sufficient to "raise a right to relief above the speculative level," and the pleading must contain something more than a statement of facts which create merely a suspicion of

a legally cognizable right of action.  *Id* at 555.  While detailed factual allegations are not

required, the plaintiff's obligation is to provide the grounds of his entitlement to relief,

using more than labels and conclusions, and "a formulaic recitation of the elements of a

cause of action will not do[.]" *Twombly*, 55 U.S. at 555.  See also *Ashcroft v. Iqbal*, 560

U.S. 662, 678  129 S.Ct. 1937, 1949 (2009).  As the court stated in *Twombly*, if the

plaintiff fails to allege facts sufficient to "nudge[][his] claims across the line from

conceivable to plausible, [his] complaint must be dismissed." *Id* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual

content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft*, 560 U.S. 678, 129 S.Ct. 1949.  The determination

is context-specific, requiring the court to draw on its common sense and judicial

experience.

The Fifth Circuit explained the *Twombly* plausibility standard of pleading

succinctly, as applied to Fed. R. Civ. P. 8(a)(2):

> The complaint(1) on its face (2) must contain enough factual matter(taken as true)
> (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant
> evidence of each element of a claim.  "Asking for [such] plausible grounds to infer
> [the element of the claim] does not impose a probability requirement at the
> pleading stage; it simply calls for enough facts to raise a reasonable expectation
> that discovery will reveal [that the elements of the claim existed]." *Lormand v. US
> Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Twombly*, 550 U.S. at
> 556.

Contrary to the argument that the decisions in *Twombly* and *Ashcroft* have changed

the pleading requirements under Fed. Rule Civ. P. 8, the Fifth Circuit emphasized that

*Twombly* does not create a heightened pleading standard and does not alter, but only "explicates" Rule 8(a)(2), because *Twombly* itself recognizes pleading requirements can only be changed by amendment of the Federal Rules.  *Lormand*, at 258, n. 29.  The standard, under the specific language of Rule 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based.  The standard is met by the 'reasonable inference' the court must make that, with or without discovery, the facts set forth a plausible claim for relief under the particular theory of law provided there is a 'reasonable expectation; that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257, *Twombly*, 550 U.S. at 556.

In considering the Rule 12(b)(6) motion, the court may consider the complaint itself and only a very few other categories of materials.  The court may consider exhibits attached to the complaint, documents that the complaint incorporates by reference (provided they are both undisputed and central to the pleaded claims), and materials of which the court may take judicial notice.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).  The parties may supply affidavits and other materials either in support of or in opposition to a motion for failure to state a claim, but doing so will re-cast the motion.  If the court considers the extrinsic evidence, the motion must be converted into a request for summary judgment under Rule 56. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).  The court has complete discretion, based on a determination of whether or not the proffered material and the resulting conversion from

the Rule 12(b)(6) to the Rule 56 procedure is likely to facilitate the disposition of the action, to accept material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.  *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir.1988).

In considering the instant motion before the court, the undersigned has reviewed the Complaint, the Amending Complaint, and the written arguments/submissions of the parties including the Corporate Disclosure of the defendant.

**1.  *Plaintiff's state law claims are prescribed.***

On the face of the Complaint is the clear reference that the alleged act of racial discrimination about which Plaintiff complains occurred on or about September 26, 2011, when Foreman was denied the position for which she made application. Suit was filed April 15, 2013.

Louisiana discrimination claims under the Louisiana Employment Discrimination Law['LEDL']  have a one year prescriptive period.  La. R.S. 23:303(D). Prescription under the Louisiana statute commences on the day the act of discrimination occurs. Alleged discriminatory actions by employers such as termination, demotion, and failures to promote are discrete acts, which put the employee on notice that he/she may have a claim.  See, e.g., *Ledbetter v. Goodyear Tire & Rubber Co., Inc*., 550 U.S. 618, 628, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007) ( "termination, failure to promote, denial of transfer, [and] refusal to hire" are examples of such discrete employment acts), citing *National*

-6-

*Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Under Louisiana law, the prescription period for such discrete discriminatory acts begins to run on the day the act occurred. *Krull v. Centurytel, Inc*., 821 F. Supp. 2d 474(citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) ("A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'")[1]

Under provisions of La. R.S. 23:303(D), Louisiana recognizes a suspension of the one year period during the pendency of any administrative review or investigation by the Equal Employment Opportunity Commission [EEOC] or the Louisiana Commission on Human Rights.  However, "no suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months." Id.   Even applying this suspension provision to the instant case, the plaintiff's state law discrimination claims, filed over 18 months after the alleged discriminatory act, are untimely and prescribed under Louisiana law.  *See Mayes v. Office Depot, Inc*., 292 F. Supp. 2d 878, 888(W.D.La. 2003).  The claims brought by Plaintiff under the Louisiana Employment Discrimination Law are time-barred.

Ordinary tort claims in Louisiana are subject to the state's one year prescriptive period for delictual acts. La. C.C. art. 3492.  In response to the motion before the court,

---

[1]  Louisiana's employment discrimination prohibitions parallel federal provisions. Therefore, courts frequently use interpretations of federal statutes to guide interpretation of the state statutes. *Mayes v. Office Depot, Inc*., 292 F.Supp.2d 878, 889 (W.D.La.2003) (citing *LaBove v. Raftery*, 802 So.2d 566 (La.2001).

Plaintiff's counsel has declared that "Plaintiff did not assert such claims."[Rec. Doc. 15]
While not specifically pled in the Complaint and Amending Complaint, to the extent that
Plaintiff's lawsuit could be read to state a claim for intentional infliction of emotional
distress in violation of La. C.C. art. 2315, that claim is subject to the one year prescriptive
period. Accepting for the purpose of this analysis the plaintiff's allegations that she was
caused harm from the defendant's failure to promote her on or about September 26,
2011(the pleadings contain no allegations of wrongful conduct beyond that date), the
conclusion is warranted that any state law tort claim stemming from that discrete event
would have prescribed within one year, in September, 2012.

**2. As a nonprofit entity, Defendant  is not subject to application of Louisiana's
Employment Discrimination Law.**

Louisiana's anti-discrimination law provides no cause of action against individual
employees, only against 'employers.' La. R.S. 23:301 et seq.  The term is defined at La.
R. S. 23:302.  Section 302(2)(b) expressly provides that Louisiana's Employment
Discrimination Law "shall not apply" to the following:

> (b) Employment of an individual by a private educational or religious
> institution **or any nonprofit corporation**, or the employment by a school,
> college, university, or other educational institution or institution of learning
> of persons having a particular religion if the school, college, university, or
> other educational institution or institution of learning is, in whole or in
> substantial part, owned, supported, controlled, or managed by a particular
> religion or by a particular religious corporation, association, or society, or if
> the curriculum of the school, college, university, other educational
> institution, or institution of learning is directed toward the propagation of a
> particular religion.  LSA-R.S. 23:302(b).

Plaintiff acknowledges in the Complaint that Defendant Lourdes is "a non-profit corporation." [Rec. Doc. 1, para. 3(A)] The Corporate Disclosure Statement of the defendant makes the same declaration.[Rec. Doc. 13]  There is no dispute that Defendant is a nonprofit corporation and thus not an "employer" for purposes of the LEDL.[2]  As such, Plaintiff's state law claims against the non-profit corporate entity defendant pursuant to the LEDL should be dismissed.

**3. *Plaintiff's allegations do not support a claim for Intentional Infliction of Emotional Distress, and Plaintiff has declared that she has not asserted such claims.***

In the motion, Defendant seeks dismissal of "any potential claim for intentional infliction of emotional distress" which may be asserted in the pleadings. [Rec. Doc. 6] The plaintiff has declared that she did not assert such claims in her pleadings. [Rec. Doc. 15] The court need not make the IIED analysis, in any event, since all state law claims are time-barred.

### *Recommendations*

For the foregoing reasons, and based on the record, the applicable law, and the arguments and concessions of the parties, it is the recommendation of the undersigned that the Motion for Partial Dismissal pursuant to Rule 12(b)(6)[Rec. Doc. 6] be GRANTED, and that the Louisiana state law claims of the plaintiff against the defendant

---

[2]Title VII and Louisiana state law definitions of "employer" for purposes of employment discrimination cases are different.

be DISMISSED, with prejudice, leaving for trial Plaintiff's claims brought under provisions of Title VII of the Civil Rights Act of 1964.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 26th day of July, 2013.


_____
Patrick J. Hanna
United States Magistrate Judge


-10-